# In the United States Court of Federal Claims

BID PROTEST
No. 15-94C
(Filed: February 20, 2015)

| | |
|---|---|
| INDUSTRIES FOR THE BLIND, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. )<br>)<br>) | Tucker Act, 28 U.S.C. § 1491(b)(1);<br>Jurisdiction; Pre-award Bid Protest;<br>Motion to Dismiss; RCFC 12(b)(1);<br>Corrective Action; Moot; Justiciability. |

*Thomas Andrew Coulter*, with whom was *Nicole Hardin Brakstad*, LeClair Ryan, PC, Richmond, VA, for Plaintiff.

*Joshua D. Schnell*, with whom were *Reginald T. Blades, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joyce R. Branda*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.; and Of Counsel *Roy E. Porter*, Associate General Counsel, Office of the General Counsel, United States Government Publishing Office and *Lieutenant Colonel Patrick Butler*, Chief, Contract and Fiscal Law Division, Office of the Chief Counsel, United States National Guard Bureau, for Defendant.

## OPINION AND ORDER

Before the Court is the government's motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of this Court (RCFC). The government contends that plaintiff's challenge to the actions of the U.S. Government Printing Office (GPO)[1] and the Department of the Army, National Guard Bureau has been rendered moot in light of the agency's decision to cancel the solicitations that were the subject of this pre-award bid protest. For the reasons discussed below, the government's motion to dismiss is **GRANTED**.

---

[1] Although the solicitation states that the issuing agency for the solicitations at issue is the Government Printing Office, on December 16, 2014, the Government Printing Office was re-designated the Government Publishing Office. Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 1301, 128 Stat. 2130, 2537 (2014).

## BACKGROUND

On January 21, 2015, GPO issued solicitation number 546-435 R-1 for 108,000 "National Guard Recruiting Promotional Men's T-Shirts."  Compl. ¶ 24; id. at Ex. 1.  GPO issued this solicitation on behalf of the National Guard.  Id. at Ex. 1.  The solicitation provided that GPO would open bids on January 30, 2015 and award the contract by February 5, 2015.  Id.

On January 29, 2015, Industries for the Blind filed a pre-award bid protest and a motion for a temporary restraining order or preliminary injunction.  It alleged that the GPO solicitation violated several procurement and appropriations laws and regulations, as well as the implied duty of good faith and fair dealing.  Id. at ¶¶ 35-95.  The Court denied Industries for the Blind's motion after the government agreed to voluntarily stay award of the contract pending resolution of the bid protest.  See Scheduling Order, Feb. 2, 2015, ECF No. 9.

On February 5, 2015, Industries for the Blind filed an amended motion for a temporary restraining order or preliminary injunction asking the Court to enjoin GPO from awarding contracts under four additional GPO solicitations for National Guard promotional items.  Pl.'s Amended Mot. at 10-11, ECF No. 10.  The Court denied the amended motion after the government agreed to stay award under these four solicitations pending resolution of this bid protest.  Order, Feb. 6, 2015, ECF No. 12.

On February 10, 2015, the government notified the Court that based upon information ascertained in their review of the five solicitations identified in Industries for the Blind's complaint and amended motion, GPO and the National Guard had decided to take corrective action.  Def.'s Notice of Corrective Action 1, ECF No. 16.  Specifically, on February 10, 2015, GPO canceled all five solicitations, which are identified as follows: (1) Jacket 546-435 R1; (2) Jacket 546-594; (3) Jacket 540-338 R1; (4) Jacket 540-339 R1; and (5) Jacket 546-577.  Id.  Bidders were notified by letter that that GPO cancelled these solicitations.  Def.'s Mot. Dismiss Ex. 1, Feb. 17, 2015, ECF No. 20.  The government then filed the instant motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff.  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction.  Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).  The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.  Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court of Federal Claims has "jurisdiction to render judgment on an action by an interested party objecting to . . . a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  28 U.S.C. § 1491(b)(1) (2012).  A party is an "interested party" with standing to bring suit under 28 U.S.C. § 1491(b)(1) if the party "is an actual or prospective bidder whose direct economic

interest would be affected by the award of the contract." Orion Tech., Inc. v. United States, 704 F.3d 1344, 1348 (Fed. Cir. 2013). A bidder has a direct economic interest if it suffered a competitive injury or prejudice. Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1370 (Fed. Cir. 2002) (holding that "prejudice (or injury) is a necessary element of standing").

A party's standing is determined as of the time that suit is filed. Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1308 (Fed. Cir. 2003) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992)). At the time that Industries for the Blind filed this action, it was a prospective bidder whose direct economic interest would have been affected by the award of the contracts for the procurement of the promotional items. Accordingly, Industries for the Blind had standing to bring this lawsuit.

Like standing, the mootness doctrine arises out of the "case or controversy" requirement of Article III of the United States Constitution. Gerdau Ameristeel Corp. v. United States, 519 F.3d 1336, 1340 (Fed. Cir. 2008) (citing Allen v. Wright, 468 U.S. 737, 750 (1984)). Although the jurisdiction of this Court, as an Article I court, is not limited by the "case or controversy" requirement of Article III, this Court and other Article I courts have adopted many justiciability precepts—including the doctrine of mootness—based upon prudential grounds. See, e.g., Schooling v. United States, 63 Fed. Cl. 204, 208 n.7 (2004) (dismissing case for lack of subject-matter jurisdiction because claims asserted in the complaint were moot); CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 558 (20004) (citing Zevalkink v. Brown, 102 F.3d 1236, 1243 (Fed. Cir. 1996)) (granting motion to dismiss for mootness). See also Anderson v. United States, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) ("The Court of Federal Claims, though an Article I court . . . applies the same standing requirements enforced by other federal courts created under Article III.").

The Supreme Court has stated that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Cnty. of L.A. v. Davis, 440 U.S. 625, 631 (1979) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)). Here, GPO canceled the five solicitations at issue in this bid protest, eliminating any live controversy between the parties. As a result, plaintiff's protest is now moot. Therefore, dismissal is warranted. See Davis, 440 U.S. at 631; Chapman Law Firm Co. v. United States, 490 F.3d 934, 940 (Fed. Cir. 2007) ("When, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should generally be dismissed.").

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge